# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-01837-FRB |
| ) | |
| MATT BLUNT, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee [Doc. 2]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff has also moved for appointment of counsel [Doc. 4].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary and declaratory relief, pursuant to 42 U.S.C. § 1983. Named as defendants in the complaint are Matt Blunt (Governor of Missouri), Jon Rosenboom (medical doctor), Dorn Schuffman (Director, Missouri Department of Mental Health), Diane McFarland (Director, Division of Comprehensive Psychiatric Services), Karen Adams (Superintendent, Southeast Missouri Mental Health Center), Melissa Ring (Chief Operating Officer, Southeast Missouri Mental Health Center), M. Bellew-Smith (the MSOTC facility director), Julie Inman (Assistant Superintendent, Administration, Southeast Missouri Mental Health Center), Jay Englehart (medical doctor), Alan Blake (Director, MSOTC), Linda Meade (MSOTC employee), Unknown MSOTC Members, Jamie Hackman (SO I) and Nancy Crump ("resident property").

Plaintiff alleges that defendants have retaliated against him for seeking redress for constitutional violations from elected representatives and the courts by giving him negative therapeutic evaluations. Plaintiff alleges that he is held in unsafe conditions. He alleges that the conditions at the MSOTC amount to punishment, in that he is prohibited from smoking and, on one occasion, did not have the same canteen privileges as others in the mental health unit. Plaintiff further alleges that he was held in the adjustment unit for a period exceeding ten days on disciplinary grounds in violation of V.A.M.S. § 217.375.

**Discussion**

**A.     Claims barred by res judicata.**

The Court notes that plaintiff has previously filed thirty-seven lawsuits in this Court. Several of the claims raised in the instant complaint are identical to those plaintiff has raised in previous actions, which this Court dismissed pursuant to § 1915(e)(2)(B). As to the

issue of the conditions at the MSOTC amounting to punishment, plaintiff has filed at least three complaints, which were dismissed pursuant to § 1915(e)(2)(B). *See Coffman v. Blake*, 4:05-cv-883-ERW (E.D.Mo.); *Coffman v. Blunt*, 4:05-cv-698-TCM (E.D. Mo.); and *Coffman v. Nixon*, 4:04-cv-89-DJS (E.D. Mo.). The Court also previously dismissed, pursuant to § 1915(e)(2)(B), plaintiff's claim regarding being held in the adjustment unit for a period exceeding ten days on disciplinary grounds in violation of V.A.M.S. § 217.375. *See Coffman v. Blake*, 4:05-cv-997-AGF (E.D. Mo.). Therefore, these claims must be dismissed. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal of claim as frivolous has res judicata effect on frivolousness determinations for future in forma pauperis petitions raising identical claims).

**B.  Retaliation claim**

Plaintiff asserts that "all" of the defendants have attempted to discourage him from petitioning his elected representatives and the courts for redress. Plaintiff alleges that, because he has continued to pursue his legal claims, he has received negative therapeutic evaluations.

The Court would be concerned with plaintiff's claim of retaliation if his allegations supported a finding of unconstitutional, retaliatory motive by any defendant. "Prison officials may not retaliate against an inmate for the exercise of a constitutional right." *Novak v. Mundt*, 2005 WL 1277834, *7 (D.Minn. 2005) (*citing Sanders v. St. Louis County,* 724 F.2d 665 (8th Cir.1983); 42 U.S.C. § 1997(d)). However, plaintiff has failed to allege how the named defendants are directly involved in or personally responsible for the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696

F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Plaintiff's allegations are conclusory, and he has failed to allege that any named defendant was directly involved in or personally responsible for retaliation against him. Not "all" of the defendants are involved in therapeutic evaluations of plaintiff, nor does a negative evaluation necessarily imply retaliatory motive. Thus, plaintiff's claim regarding retaliatory conduct must be dismissed.

### C. Unsafe conditions.

Plaintiff states that he is held in "unsafe conditions." While required to give the complaint a liberal construction, this Court is not required to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Plaintiff provides no specific factual assertion beyond the conclusory allegation of "unsafe conditions." As such, his allegation does not support a cause of action under § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 4] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 1st day of December, 2005.

_____
**UNITED STATES DISTRICT JUDGE**